# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| NEOMETAL WA, INC., a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>INDUSTRIAL STRENGTH CORPORATION, a California corporation,<br><br>　　　　　　Defendant. | Case No.　C08-05009-RBL<br><br>STIPULATED PROTECTIVE ORDER<br><br>**Noted for Consideration on:<br>November 3, 2008** |

　　　The parties to this action ("the Parties") stipulate to the following Protective Order to apply to documents and information produced or disclosed in this case:

## PROCEDURE AND DEFINITIONS

**1.　Confidential Information**

　　　The Parties or a third party discovery respondent may designate as "Confidential," by stamping or other appropriate means, any document produced in accordance with the federal discovery rules or by agreement, including, without limitation, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, briefs, affidavits, and declarations (collectively, "Documents") containing non-public information not generally available, including

STIPULATED PROTECTIVE ORDER- 1 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

information that is sensitive, proprietary, or that falls within the term trade secret ("Confidential Information"). However, to the extent feasible, Confidential Information shall be segregated from the information not entitled to protection. "Confidential Information" is also specifically intended to include information informally produced, shown or made available for review by the parties or their trial counsel, including but not limited to any demonstration of either party's products, facilities, processes, or business records so long as the material is designated as being Confidential Information at the time of disclosure.

**2.     Access to Confidential Information**

For the purpose of this paragraph, the term "this litigation" includes dealings between a producing party and an insurer or other third party having an actual or potential obligation to indemnify or defend the producing party.

Confidential Information so designated, and information derived therefrom, shall not be disclosed to or used by anyone except the persons specified below, and by these persons solely for purposes of this litigation and not for any business or other purpose:

A. Officers, directors, employees of NeoMetal WA, Inc. and Industrial Strength Corporation who have a reasonable need for access to the information in order to assist the trial attorneys in this litigation, provided that such individual to whom confidential information is disclosed has complied with paragraph 7, herein and has been designated by written notice to Opposing counsel;

STIPULATED PROTECTIVE ORDER- 2 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

B. Outside counsel for the parties (including other lawyers in their firm) and their employees involved in the conduct of this litigation;

C. Upon compliance with paragraph 7 of this Protective Order, independent experts and consultants and their staffs retained by any of the Parties who have a need for such information to assist in this litigation;

D. During deposition or trial, to any deposition or trial witness of a non-designating party where necessary to the testimony of such witness, upon compliance with paragraph 7;

E. The Court, jury, court personnel, court reporters, and similar personnel;

F. Any other person with the express consent of the Parties or by an order of the Court permitting such disclosure, such order being obtained on noticed motion (or on shortened time as the Court may allow); and

G. Non-parties specifically retained to assist counsel of record with copying and computer services necessary for document handling, and other litigation support personnel (e.g., jury consultants, graphic designers and animators, and database entry personnel).

**3.  Confidential–Attorneys' Eyes Only Information**

The Parties or a third party discovery respondent also may designate as "Confidential-Attorneys' Eyes Only," by stamping or other appropriate means, any Document containing highly sensitive technical, technical development, financial, or business information, including but not limited to confidential and trade secret information, such as future marketing plans, customer lists or other such material ("Confidential-Attorneys' Eyes Only Information").

STIPULATED PROTECTIVE ORDER- 3 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

## 4. Access to Confidential-Attorneys' Eyes Only Information

Confidential-Attorneys' Eyes Only Information so designated, and information derived therefrom, will be subject to the same protections as provided for Confidential Information as set forth in paragraph 2 above except that such Confidential-Attorneys' Eyes Only Information may only be shown to persons described in 2(b), 2(c), 2(d), 2(e), 2(f) and 2(g); provided, however, such information may not be shown to any person described in paragraph 2(c) until compliance with paragraphs 6 and 7 below or to any person described in paragraph 2(d), above, without 10 days prior written notice to the designating party to allow the designating party to obtain adequate protection with respect to Confidential-Attorneys' Eyes Only Information either by agreement or by application to the Court. This notice shall identify the person to whom disclosure is to be made, identify the documents and/or information to be disclosed, and state the purpose for the disclosure.

Nothing contained in this paragraph shall prevent disclosure of an item of Confidential-Attorneys' Eyes Only Information to a person who previously has seen or had access to that particular item under conditions that do not violate this Protective Order.

## 5. Time for Making Confidential Designations

Designation of any Document as "Confidential" or "Confidential-Attorneys' Eyes Only" must be made before a copy of the Document is produced by one party to another party. However, documents that a party wishes to designate as "Confidential" or "Confidential-Attorneys' Eyes Only" that are accidentally or mistakenly produced without the desired designation may be so designated within three (3) days of the producing party becoming aware of such accidental or mistaken production.

A producing party or non-party that inadvertently fails to designate an item pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this

STIPULATED PROTECTIVE ORDER- 4 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

Protective Order by serving notice thereof in writing, accompanied by substitute copies or each item, appropriately designated. Those individuals who reviewed the documents or information prior to the notice of misdesignation or failure to designate by the producing party shall return to counsel of record or destroy all copies of the misdesignated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of confidential information in the misdesignated documents.

In the case of deposition transcript pages, the designating party either may state on the record that the testimony is "Confidential" or "Confidential-Attorneys' Eyes Only," or may advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar days after receipt of the transcript of the deposition. Unless otherwise designated, until the expiration of the 20-day period, the entire transcript and its exhibits will be treated as "Confidential-Attorneys' Eyes Only." Unless designated in accordance with this paragraph, any confidentiality is waived unless otherwise stipulated or ordered.

**6.  Identification of Expert and Consultants**

Counsel desiring to disclose Confidential-Attorneys' Eyes Only Information of another party to any independent expert, consultant or assistant thereto, must serve via facsimile or email on counsel for the designating party a copy of a signed Undertaking in the form marked as Exhibit A attached hereto for each expert or consultant and the expert or consultant's full name and professional address and/or affiliation of the proposed expert of consultant, an up-to-date curriculum vitae or resume, and any prior or current employments or consultancies for any company that manufactures or sells jewelry or components used in the manufacture of jewelry, and a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four (4) years.

STIPULATED PROTECTIVE ORDER- 5 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA  98101-2325
(206) 467-9600

For a period of five (5) calendar days after service of the signed undertaking, Confidential-Attorneys' Eyes Only Information may not be disclosed to the expert or consultant or designated assistants thereof. Within the five-day period, the producing party may serve a written notice of objection to disclosure of confidential information to the expert or consultant. If, within five (5) calendar days after service of the objection, the producing party moves the Court for an order denying disclosure of confidential information to the expert or consultant or assistants specified in the notice of objection, disclosure may not be made until the Court rules or the parties agree that such disclosure may be made. Failure to timely file such a motion operates as a waiver of the objection.

## CONSENT TO BE BOUND TO THIS PROTECTIVE ORDER

**7. Notice of Order**

Prior to receiving or being shown Confidential Information or Confidential-Attorneys' Eyes Only Information as appropriate under paragraph 2 and 4, persons falling in the categories listed in paragraphs 2(a), (c), (d) and (f), must be shown a copy of this Protective Order, and must agree to be bound by its terms. Such agreement shall be in writing in the form of the Undertaking marked as Exhibit A hereto or, if during deposition or trial, may be made orally on the record. The executed originals of the Undertakings are to be retained by counsel for the party procuring the Undertaking.

## CHALLENGE TO DESIGNATIONS

**8. Notification and Challenge**

If any of the parties challenges the propriety of any Confidential or Confidential-Attorneys' Eyes Only designation, subject to the procedures below, the party challenging confidentiality may seek assistance from the Court. The party challenging confidentiality will have the burden of making a *prima facie* showing that the challenged confidentiality designation is inappropriate in the circumstances. However, on a challenge to the designation of any information, the ultimate burden of

STIPULATED PROTECTIVE ORDER- 6 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

proof shall lie with the producing party to establish that the information is, in fact, properly marked as Confidential Information or Confidential-Attorneys' Eyes Only information.

The following procedure shall be utilized if a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party that designated the items to be Confidential or Confidential-Attorneys' Eyes Only.

A. The party seeking such declassification or removal shall give counsel of record for the designating party written notice thereof by facsimile, with confirmation by mail or by personal delivery, specifying the designated information as to which such removal is sought and the good faith basis and specific reasons for the request;

B. The designating party shall set forth within five (5) business days reasonable detail supporting the designation; and

C. If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice and response, then the party requesting the declassification or removal of particular items may challenge the designation by motion or at a regularly scheduled discovery conference.

All parties will make best efforts to resolve disagreements as to confidentiality before submitting them to the Court.

**9. Effect on Restrictions**

If a motion seeking declassification or removal of a confidentiality designation is filed, the provisions of this Protective Order will apply to the challenged Confidential Information or Confidential-Attorneys' Eyes Only Information until the Court favorably rules upon the motion or the designating party agrees to declassification or removal or the challenged designation.

STIPULATED PROTECTIVE ORDER- 7 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

**OTHER PROVISIONS**

**10.      Filing Under Seal and Hearings**

All documents filed with the Court that contain Confidential Information or Confidential-Attorneys' Eyes Only Information shall be submitted with a motion or a stipulation and proposed order requesting that the documents be filed under seal. All such motions and stipulations shall include a clear statement of facts that justifies a filing under seal. Each document to be filed under seal shall be submitted in a separate envelope that bears a legend referring to this Protective Order and indicating that the information may not be accessed by anyone other than necessary Court personnel without order of the Court or written stipulation of the parties.

Any Court hearing or proceeding in which Confidential Information and/or Confidential-Attorneys' Eyes Only Information is submitted shall, in the Court's discretion, be held in camera.

**11.      Third Party Deposition Testimony/Production of Documents**

Any third party providing deposition testimony or producing documents or things for use in this action may designate such information, documents or things as Confidential or Confidential-Attorneys' Eyes Only and avail itself of all provisions of this Protective Order to the same extent as a party to this action.

**12.      Return of Documents**

Upon completion of the litigation including all appeals, and unless otherwise agreed in writing, all materials containing Confidential Information or Confidential-Attorneys' Eyes Only Information, including all copies, extracts, and summaries thereof must either be returned to counsel for the producing party or be destroyed. The non-producing Parties must provide to counsel for the producing party a certificate reflecting such disposition. The Parties and their counsel will not be required to return any Document that was admitted into evidence at trial. In addition, (a) any

STIPULATED PROTECTIVE ORDER- 8 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

documents or copies which contain, constitute or reflect attorney work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, expert reports and written discovery responses, may be retained by counsel subject to a continuing obligation to protect all such material pursuant to this Order.

**13. Scope of Protective Order**

Nothing in this Protective Order restricts any of the Parties from using or disclosing its own Confidential Information or Confidential-Attorneys' Eyes Only Information for any purpose. This Protective Order also does not apply to information that was lawfully in the possession of a third party or in the public domain before the date of entry of this Protective Order.

**14. Successors and Assigns**

This agreement and the terms and conditions hereof shall bind and inure to the benefit of the respective parents, subsidiaries, affiliates, related companies, successors, and assigns of each party.

**15. Retention of Jurisdiction**

The Parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Protective Order.

**16. Severability**

The invalidity or unenforceability of any provision hereof shall in no way affect the validity or enforceability of any other provision hereof.

**17. Application to Court**

This Protective Order is without prejudice to the right of any interested party to apply to the Court for an order permitting the disclosure of any Confidential Information or

STIPULATED PROTECTIVE ORDER- 9 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

Confidential-Attorneys' Eyes Only Information or to apply for an order modifying or limiting this Protective Order in any respect.

**18.     Other Protections**

No person shall use any information designated Confidential Information or Confidential Attorneys' Eyes Only Information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including, without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for re-examination.

**19.     Limitation of Protective Order**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

**20.     Other Proceedings**

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another Court from finding that such information may be relevant and subject to disclosure in another case. Any person or party subject to this order who may be subject to a subpoena, motion or Court order in another case to disclose information that is designated by another party in this case as Confidential Information or Confidential Attorneys' Eyes Only Information shall promptly notify that other party of the subpoena, motion or Court order so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

STIPULATED PROTECTIVE ORDER - 10 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

**21. Related Documents**

The restrictions contained herein on the use of information designated Confidential Information or Confidential-Attorneys' Eyes Only Information shall apply to: (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with this order; and/or (e) testimony taken at a hearing or other proceeding that is designated in accordance with this order.

**22. Prior Agreements**

This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

**23. Limit On Use and Disclosure of Designated Information**

Each party and all persons bound by the terms of this Protective Order shall only use any information or document designated Confidential or Confidential-Attorneys' Eyes Only Information in connection with the prosecution or defense of this action, except by consent of the parties or by order of the Court. Except as provided for in this Order, no party or other person shall disclose or release any information or document governed by this Protective Order to any person not authorized pursuant to this Protective Order to receive such information or document.

It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information,

STIPULATED PROTECTIVE ORDER- 11 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

except as permitted by this Protective Order or by prior written agreement with counsel for the producing party.

The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

DATED: _____, 2008    Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

BIELEN, LAMPE & THOEMING

By: /s/ James W. Anable
James W. Anable,
WSBA No. 7169
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
Telephone: (206) 467-9600
Fax: (206) 623-6793
E-Mail: spfricke@townsend.com

By: /s/ Theodore J. Bielen, Jr.
Theodore J. Bielen, Jr. (*pro hac vice*)
1390 Willow Passage Road
Concord, CA 94520
Telephone: (925) 288-9720
Fax: (925) 288-9731
E-mail: bielenlt@yahoo.com

Attorneys for Plaintiff NeoMetal WA, Inc.

JENSEN & PUNTIGAM, DS

By: /s/ Robert A. Jensen
Robert A. Jensen, WSBA No. 1532
2033 6th Avenue, Suite 1020
Seattle, WA 98121-2584
Telephone: (206) 448-3200
Fax: (206) 441-5514
E-mail: bj@jensenpuntigam.com

Attorneys for Defendant Industrial Strength Corporation

STIPULATED PROTECTIVE ORDER- 12 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

## **ORDER**

Based upon the foregoing stipulation of the parties hereto,

IT IS HEREBY ORDERED that information and documents produced, exchanged and otherwise disclosed in connection with this cause shall be subject to the provisions of the foregoing stipulation.

Entered this 25th day of November, 2008.

*Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER- 13 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600

# EXHIBIT A
# UNDERTAKING

I, _____ state that:

1. My address is _____

   _____

2. My present employer is _____.

3. I have received a copy of the Stipulated Protective Order in the matter of NeoMetal WA, Inc. v. Industrial Strength Corporation, United States District Court for the Western District of Washington at Seattle, Civil Case No. C08-05009-RBL, signed by United States District Court Judge Ronald B. Leighton on _____, 2008.

4. I have carefully read and understand the provisions of the Protective Order. I will comply with all of its provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any information designated "Confidential" or "Confidential-Attorneys' Eyes Only" or any words, notes, summaries, abstracts, or indices of designated information, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto.

5. I hereby consent to be subject to personal jurisdiction of the United States District Court for the Western District of Washington at Seattle in respect to any proceeding relating to the enforcement of the Protective Order, including any proceedings relating to contempt of Court.

Dated: _____, 2008

_____
Signature

_____
Print Name

STIPULATED PROTECTIVE ORDER- 14 -
C08-05009

Townsend and Townsend and Crew LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101-2325
(206) 467-9600